BRIAN S. INAMINE (SBN 117893)
 binamine@ohaganmeyer.com
SAMANTHA L. BARRON (SBN 318582)
 sbarron@ohaganmeyer.com
O'HAGAN MEYER
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, CA, 91367
Telephone:   (213) 306-1610
Facsimile:    (213) 306-1625

Attorneys for Defendant
CONNECT HEARING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISSA LUCATERO, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>CONNECT HEARING, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY JURISDICTION)**<br><br><br><br>Complaint Filed: August 16, 2018 |

        TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

        PLEASE TAKE NOTICE that Defendant CONNECT HEARING, INC. ("Defendant") hereby removes the above-titled action from the Superior Court of the State of California for the County of San Bernardino ("State Court"), where the above-titled action ("Action") was filed, to the United States District Court for the Central District of California pursuant to diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a) and 1441(b)

In support of this notice, Defendant alleges as follows:

## TIMELINESS OF REMOVAL

On or about August 16, 2018, plaintiff Alissa Lucatero ("Plaintiff") commenced the Action in the State Court by filing her complaint entitled <u>Alissa Lucatero v. Connect Hearing, Inc., and DOES 1-10, inclusive</u>, San Bernardino County Superior Court, Case No. CIVDS1821563 ("Complaint"). The Complaint alleges the following eleven causes of action: (1) Sex Discrimination; (2) Pregnancy Discrimination; (3) Failure to Accommodate a Pregnancy Related Condition; (4) Disability Discrimination; (5) Failure to Accommodate Disability; (6) Failure to Engage in the Interactive Process; (7) Violation of the California Family Rights Act; (8) Retaliation; (9) Failure to Prevent Discrimination; (10) Wrongful Termination in Violation of Public Policy; (11) Violation of Employment Without Discrimination; Declaratory Relief. [A true and correct copy of the Complaint, as well as all other documents served upon Defendant, is attached hereto as **Exhibit A**.]

2.    Plaintiff served the Complaint on Defendant on September 5, 2018. [A true and correct copy of the Summons served on Defendant on September 5, 2018 is attached as part of Exhibit A.]

3.    On September 25, 2018, Defendant filed an answer to the Complaint, and noted in the answer (as the Forty-Second Affirmative Defense, p. 8, ¶ 42) that "[T]he Complaint is subject to removal to federal court pursuant to diversity jurisdiction (28 U.S. Code § 1332). Defendant will be removing this action to United States District Court, and does not waive or intend to waive its right to removal by the filing of this answer." [A true and correct copy of the Answer is attached hereto as **Exhibit B.**]

3.    Defendant is filing this Notice of Removal within 30 days of the date of receipt of the Summons and Complaint.

4.    Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

**VENUE**

5.     Venue lies in the Central District pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of San Bernardino.

**DIVERSITY JURISDICTION**

6.     This is a civil action over which this Court has original jurisdiction, and one in which Defendant may remove pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(b) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described further below.

7.     Plaintiff's Citizenship. According to the Complaint allegations, Plaintiff was, and still is, a citizen of the State of California.

8.     Defendant's Citizenship. At the time of commencement of the Action, Defendant, was, and still is, a Delaware corporation, and its principal place of business was, and still is, in the State of Illinois (215 Shuman Blvd., Suite 401, Naperville, IL 60563)

9.     Amount In Controversy "More Likely Than Not" Exceeds $75,000.

The Complaint clearly alleges that "Plaintiff suffered in excess of eighty thousand dollars in damages . . . ." (Exhibit A, Complaint, p. 8, ¶ 64). Also in the Complaint, Plaintiff seeks general and compensatory damages. (*Id*., Prayer For Relief, pp. 13-14.) In addition, Plaintiff also seeks to recover punitive damages (*Id*.). Plaintiff also seeks attorneys' fees pursuant to statute. (*Id.*).  The amount in controversy exceeds $75,000 since it is facially apparent from the Complaint that it is "more likely than not" the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co*., 95 F.3d 856, 863 (9th Cir. 1996); *Dyna-Med, Inc. v. FEHC*, 43 Cal.3d 1379, 1383 (1987). Plaintiff has alleged violations of the California Fair Employment and Housing Act in the form of discrimination, and retaliation, for which punitive damages and attorneys' fees are recoverable. In addition to Plaintiff's lost

wages, the value of punitive damages, compensation for emotional distress, and recovery for attorneys' fees are includable in determining the jurisdictional amount for removal purposes. *Richmond v. Allstate Insurance Co.*, 897 F.Supp. 447 (S.D. Cal. 1995).

10.    <u>Conclusion</u>. Based on the foregoing, this Court has jurisdiction over the Action under the provisions of 28 U.S.C. § 1332, in that this Action involves a controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Accordingly, this Action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

NOTICE OF REMOVAL

11. Notice of this Removal will promptly be served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

DATED:  October 1, 2018                          O'HAGAN MEYER

                                   By:  /s/ Brian S. Inamine
                                        BRIAN S. INAMINE
                                        SAMANTHA L. BARRON
                                        Attorneys for Defendant
                                        CONNECT HEARING, INC.

# EXHIBIT A



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 18665351**
**Date Processed: 09/06/2018**

| | |
|---|---|
| **Primary Contact:** | Dan Beck<br>Connect Hearing, Inc.<br>215 Shuman Boulevard<br>Suite 401<br>Naperville, IL 60563-8123 |

| | |
|---|---|
| **Entity:** | Connect Hearing, Inc.<br>Entity ID Number 2676924 |
| **Entity Served:** | Connect Hearing, Inc. |
| **Title of Action:** | Alissa Lucatero vs. Connect Hearing, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Bernardino County Superior Court, California |
| **Case/Reference No:** | CIVDS1821563 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/05/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | John M. Tomberlin, Jr.<br>909-919-2027 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONNECT HEARING, INC., a Delaware Corporation, and DOES 1
THROUGH 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALISSA LUCATERO, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 1 6 2018

BY_____
JESSICA GARCEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SAN BERNARDINO

247 West Third Street
San Bernardino, 92415-0210

CASE NUMBER:
*(Número del Caso):* CIVDS1821563

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Myers, The Myers Law Group, 9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

DATE:
*(Fecha)* AUG 1 6 2018

Clerk, by
*(Secretario)* Jessica Garcez
, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* a Delaware Corporation   Connect Hearing, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>David P. Myers (SBN 206137); John M. Tomberlin, Jr. (SBN 310435)<br>THE MYERS LAW GROUP, APC<br>9327 Fairway View Place, Ste. 100,  Rancho Cucamonga, CA  91730<br>TELEPHONE NO.: 909-919-2027        FAX NO.: 888-375-2102<br>ATTORNEY FOR *(Name):* Plaintiff ALISSA LUCATERO | **FOR COURT USE ONLY**<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>AUG 16 2018<br><br>BY _____<br>JESSICA GARCEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: Civil Division

CASE NAME: ALISSA LUCATERO V. CONNECT HEARING, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIV 1821543 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 11
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 15, 2018

John M. Tomberlin, Jr.
_____
(TYPE OR PRINT NAME)                                          ▶ John Tomberlin
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>www.accesslaw.com |

David P. Myers (SBN 206137)
Ann Hendrix (SBN 258285)
John M. Tomberlin, Jr. (SBN 310435)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Alissa Lucatero

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 16 2018

BY _____
JESSICA GARCEZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

CIVDS1821563

| | |
|---|---|
| ALISSA LUCATERO, an individual, | COMPLAINT FOR DAMAGES |
| Plaintiff, | 1. SEX DISCRIMINATION |
| vs. | 2. PREGNANCY LEAVE DISCRIMINATION |
| | 3. FAILURE TO ACCOMMODATE A PREGNANCY RELATED CONDITION |
| CONNECT HEARING, INC., a Delaware Corporation, and DOES 1 THROUGH 10, inclusive | 4. DISABILITY DISCRIMINATION |
| | 5. FAILURE TO ACCOMMODATE DISABILITY |
| Defendants. | 6. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS |
| | 7. VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT |
| | 8. RETALIATION |
| | 9. FAILURE TO PREVENT DISCRIMINATION |
| | 10. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| | 11. VIOLATION OF EMPLOYMENT WITHOUT DISCRIMINATION; DECLARATORY RELIEF |
| | DEMAND FOR JURY TRIAL |

## INTRODUCTION

Alissa Lucatero ("Plaintiff") brings this action against Connect Hearing, Inc.,
and other as of yet unnamed Defendants (hereafter collectively "Defendants")
alleging, among other things, violations of the California Fair Employment and
Housing Act. Plaintiff seeks damages, attorneys' fees and costs of suit.

COMPLAINT
- 1 -

## GENERAL ALLEGATIONS

1.    This Court is the proper court and this action is properly filed in the San Bernardino County and in this judicial district because Defendants do business in San Bernardino County and because thier obligations and liability arise here.

2.    Plaintiff is Defendants' former employee and a San Bernardino County resident.

3.    Connect Hearing, Inc. is a Delaware Corporation, registered to do business in California, and doing business in San Bernardino County.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

5.    On information and belief, each of the acts and omissions alleged were performed by, or are attributable to, all Defendants, each acting as agents or employees, or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment or direction and control. (In these pleadings, the word 'or' between two or more alternatives shall not be interpreted as implying mutual exclusivity unless it is preceded by the word 'either.') On information and belief, at all relevant times Defendants were and are the agents of each other.

6.    Each defendant operated as a joint employer or integrated enterprise with another defendant or other defendants, each such defendant is jointly and severally liable as an employer. Any Defendants acting as another Defendants' *alter ego* and creating such a unity and identity of interest between or among each said defendants would, under the particular circumstances that exist or existed, would sanction fraud or promote injustice, and if adhered to, the legal fiction of separate existence, would inequitably result without disregarding the legal separateness of the legal entity.

7.    On information and belief, Defendant DOES 1 through 10 are the partners, owners, shareholders, or managers of Defendant Employer, and acted on behalf of Defendant Employer in the payment of wages to Plaintiff.

9827 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

8. Defendants employed Plaintiff from about January 5, 2015, until terminating her in about September 2017. Plaintiff began her employment as Patient Care Coordinator, until being promoted to Hearing Care Professional Trainee on about November 30, 2015.

9. As a Hearing Care Professional Trainee, Plaintiff's job duties included, but were not limited to, meeting patients, testing patient's hearing, and repairing and servicing patient's hearing aids. Plaintiff's trainee designation was to remain until she obtained a California Hearing Care Professional license.

10. On about November 12, 2015, Plaintiff signed an agreement with Defendants stating she would work as a trainee under Julianna D. Wiley and follow California requirements for her trainee license. Plaintiff was to become a fully licensed hearing aid dispenser within 12 months Plaintiff's trainee licensing.

11. To obtain her California Hearing Aid Dispenser license, Plaintiff needed to pass a written exam and a practicum exam. Each exam is offered only intermittently.

12. On about December 14, 2015, after Plaintiff had already began working as a Hearing Care Professional Trainee, Plaintiff was issued a California Hearing Aid Dispenser – Trainee license. Plaintiff's Trainee license expired on June 30, 2017.

13. In or about December 2016 or January 2017, Plaintiff sent Defendants an email to inform them she was pregnant and would need time off for her pregnancy.

14. In about April 2017, Plaintiff was informed that she would receive a performance-based raise when she returned from her pregnancy leave.

15. In about April or May 2017, prior to taking pregnancy leave, Plaintiff informed her supervisor, Renee Flannigan, that her trainee license would expire while on leave. Flannigan suggested that Plaintiff take the written exam offered in July 2017 during her leave. Plaintiff explained that even if she took the written exam in July, she would not be licensed when she returns in September 2017 because the next practicum exam was not offered until October 2017. Flannigan told Plaintiff not to worry about returning from leave without a valid license, and that Defendants would find a position for Plaintiff when she returned.

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

16. On or about May 11, 2017, Plaintiff began her pregnancy leave.

17. On about September 1, 2017, Plaintiff emailed her supervisor Renee Flannigan to remind her she would return to work September 15, 2017 and would be returning to work without an active license.

18. On about September 7, 2017, Defendants Human Resources terminated Plaintiff for the stated reason of having an expired license. Defendants then sent Plaintiff a letter stating that because her trainee license was expired, and no other positions were available, Plaintiff was terminated effective September 18, 2017.

19. Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). On July 31, 2018, the DFEH issued Plaintiff a right to sue letter, attached here as Exhibit A.

## FIRST CAUSE OF ACTION

### (Sex Discrimination – Govt. Code §12940(a))

### (Plaintiff Against All Defendants)

20. Plaintiff restates and incorporates each of the preceding allegations.

21. The Fair Employment and Housing Act ("FEHA") codified in Govt. Code §12940 makes it unlawful for an employer to discriminate against an employee on the basis of the employee's sex.

22. Defendants engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff because of based on her pregnancy, which is discrimination because of her sex.

23. On information and belief, Plaintiff sex was a motivating factor in Defendants' failure to accommodate her and decision to terminate her, in violation of Govt. Code §12940(a).

24. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

25. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

///

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

26. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

27. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

<u>SECOND CAUSE OF ACTION</u>

(Pregnancy Discrimination and Retaliation - Govt. Code §12945(a)(4))

(Plaintiff against All Defendant)

28. Plaintiff restates and incorporates each of the preceding allegations.

29. FEHA makes it illegal for employers "to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section."

30. Plaintiff was pregnant and required a leave of absence at childbirth, caused by her pregnancy. Defendants engaged in unlawful employment practices by terminating Plaintiff because of these requests, interfering with and retaliating against her for the exercise of her rights under FEHA.

31. On information and belief, Plaintiff's leave requests for a pregnancy related condition was a motivating factor in Defendants' decision to terminate her, and other discrimination against her, in violation of Govt. Code §12945.

32. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

33. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

34. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

35. Plaintiff incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

### THIRD CAUSE OF ACTION

**(Failure to Accommodate a Pregnancy Related Condition - Govt. Code §12945(3)(A))**

**(Plaintiff against All Defendants)**

36. Plaintiff restates and incorporates each of the preceding allegations.

37. Govt. Code §12945(3)(A) makes it unlawful for an employer to fail to make a reasonable accommodation for a condition related to pregnancy.

38. Defendants failed to make a reasonable accommodation for Plaintiff's known pregnancy condition when it terminated her in lieu of accommodating her.

39. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

40. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

41. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

42. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

### FOURTH CAUSE OF ACTION

**(Disability Discrimination – Violation of Govt. Code §12940(a))**

**(Plaintiff against All Defendant)**

43. Plaintiff restates and incorporates each of the preceding allegations.

44. At all relevant times, FEHA codified was in effect and made it unlawful for an employer to discriminate against an employee because of the employee's disability.

///

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

45. Pursuant to Govt. Code §§ 12926 and 12926.1, Plaintiff is a disabled individual under FEHA or was perceived as having a disability by Defendant.

46. Defendants engaged in unlawful employment practices in violation of the FEHA including, but not limited to, failing to accommodate Plaintiff on the basis of actual or perceived disability, and terminating Plaintiff.

47. On information and belief, Plaintiff's disability was a motivating factor in Defendants' decision to terminate Plaintiff in violation of Govt. Code §12940(a).

48. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

49. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

50. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

51. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

### FIFTH CAUSE OF ACTION

**(Failure to Accommodate Disability – Govt. Code §12940(m))**

**(Plaintiff against All Defendant)**

52. Plaintiff restates and incorporates each of the preceding allegations.

53. Govt. Code §12940(m) makes it is unlawful for an employer to fail to make a reasonable accommodation for the known or perceived disability of an employee.

54. Defendants failed to make a reasonable accommodation for Plaintiff's known or perceived disability.

55. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

9827 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

56. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

57. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

58. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

## SIXTH CAUSE OF ACTION

### (Failure to Engage in the Interactive Process – Govt. Code §12940(n))

### (Plaintiff against All Defendant)

59. Plaintiff restates and incorporates each of the preceding allegations.

60. Govt. Code §12940(n) makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with employees to determine effective reasonable accommodations, if any.

61. Defendants failed to engage in the interactive process with Plaintiff to accommodate Plaintiff's actual or perceived disability.

62. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

63. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

64. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff suffered in excess of eighty thousand dollars in damages and is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

///

9827 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

1    65. Plaintiff has incurred and continues to incur attorneys' fees and legal

2    expenses in an amount subject to proof at trial.

3    <u>SEVENTH CAUSE OF ACTION</u>

4    (Violation of California Family Rights Act – Govt Code § 12945.2)

5    (Plaintiff Against All Defendant)

6    66. Plaintiff restates and incorporates each of the preceding allegations.

7    67. At all times relevant times, Govt. Code §12945.2 was in effect. Govt. Code §

8    12945.2(t) makes it unlawful for employers to interfere with, restrain, or deny the

9    exercise of, or the attempt to exercise, any right provided under the section.

10    68. On information and belief, Defendants' termination of Plaintiff while

11    knowing she took an absence related to her disability and which qualified for

12    protected leave under the CFRA is an unlawful employment practice. Defendants

13    interfered with and retaliated against Plaintiff by terminating her.

14    69. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered

15    and continues to sustain substantial losses in earnings and other employment

16    benefits in an amount subject to proof at trial.

17    70. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered

18    emotional distress and other general damages, in an amount subject to proof at trial.

19    71. Defendants acted with malice, willfulness, or reckless indifference to

20    Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive

21    her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter

22    such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful

23    conduct was conducted or ratified by its officers, directors, or managing agents.

24    72. Plaintiff has incurred and continues to incur attorneys' fees and legal

25    expenses in an amount subject to proof at trial.

26    <u>EIGHTH CAUSE OF ACTION</u>

27    (Retaliation – Violation of Cal. Govt. Code §12940(m)(2))

28    (Plaintiff against All Defendant)

29    73. Plaintiff restates and incorporates each of the preceding allegations.

30    ///

9897 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

74. Plaintiff engaged in the protected activities of, but not limited to, requesting a reasonable accommodation for a disability, including an accommodation for pregnancy.

75. Defendants retaliated in violation of FEHA by engaging in unlawful employment practices including, but not limited to, refusing to accommodate Plaintiff based on actual or perceived disability or pregnancy, and terminating Plaintiff.

76. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

77. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

78. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

79. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

## NINTH CAUSE OF ACTION

### (Failure to Prevent Discrimination, and Retaliation –
### Violation of Cal. Govt. Code §12940(k))
### (Plaintiff against All Defendant)

80. Plaintiff restates and incorporates each of the preceding allegations.

81. On information and belief, no meaningful or adequate disciplinary action was taken against any employees who discriminated or retaliated against Plaintiff.

82. In violation of Gov. Code §12940(k), Defendants or its agents or employees, failed to take all reasonable steps necessary to prevent and investigate unlawful discrimination or retaliation from occurring, and to remedy such discrimination or retaliation.

///

8827 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

83. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

84. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

85. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

86. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

## TENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (Against all Defendant)

87. Plaintiff restates and incorporates each of the preceding allegations.

88. Defendants' termination of Plaintiff's employment violated fundamental public policies. It is against fundamental California public policy to discriminate and retaliate against an employee based on an actual or perceived disability, or for requesting accommodations for a disability or pregnancy, including pregnancy leave. It is also against fundamental California public policy to not engage in the interactive process and to fail to accommodate a disabled or pregnant employee. It is against California public policy to discriminate against an employee because of her sex.

89. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount subject to proof at trial.

90. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount subject to proof at trial.

91. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive

8327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' unlawful conduct was conducted or ratified by its officers, directors, or managing agents.

92. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount subject to proof at trial.

ELEVENTH CAUSE OF ACTION

(Violation of Employment Without Discrimination as Civil Right)

(Govt. Code §12921(a); Request for Declaratory Judgment - CCP §1060)

(Plaintiff against All Defendants)

93. Plaintiff restates and incorporates each of the preceding allegations.

94. Govt. Code §12920 sets forth California's public policy, in relevant part, as:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

95. Govt. Code §12920.5 embodies the intent of the California legislature:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

96. Govt. Code §12921, subdivision (a) states in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

9337 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

97. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties because Plaintiff contends her termination is because of all the reasons stated here, including but not limited to, because of her known disability, her sex, and her protected activities. Plaintiff believes Defendants will allege it terminated her for a non-discriminatory, legitimate reason and not because of her known disability, sex, and protected activities. Any such reasons are a pretext to mask its true reasons for terminating her, which were, among other things, her known disability, sex, and protected activities.

98. Pursuant to CCP §1060, Plaintiff desires a judicial determination of her rights and duties, and those of Defendants. Specifically, Plaintiff seeks a declaration Defendants violated her rights by unlawfully terminated her. A judicial declaration is necessary and appropriate under the circumstances for Plaintiff, for herself and on behalf of California employees and in conformity with the State's public policy, to obtain a judicial declaration Defendants' wrongdoing and to condemn such discriminatory employment policies or practices.

99. Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and costs under Govt. Code §12965(b). *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (2013). A judicial declaration is necessary and appropriate to make Defendants aware of its legal obligations to not engage in discriminatory practices and violate the law.

100.   Govt. Code §12965(b) permits an aggrieved party, (e.g. Plaintiff) to be awarded reasonable attorneys' fees and costs. Such fees and costs expended by the aggrieved party are awarded to redress, prevent, and deter discrimination. As a proximate result of Defendants' wrongful conduct, Plaintiff is entitled to declaratory relief, attorneys' fees and costs, including expert witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;
2. For compensatory and general damages in an amount according to proof;
3. For past and future lost income and benefits;

8837 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

4. For punitive damages;

5. For declaratory relief;

6. For injunctive relief;

7. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to CCP §1021.5, Govt. Code § 12940 et seq., and all other applicable law; and

8. For such other and further relief as this Court deems just and proper.

Dated: August 15, 2018                                    THE MYERS LAW GROUP, A.P.C.


                                              By: *John Tomberlin*
                                                    David P. Myers
                                                    Ann Hendrix
                                                    John M. Tomberlin, Jr.
                                                    Attorneys for Plaintiff Alissa Lucatero

5827 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91780

COMPLAINT
- 14 -

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

July 31, 2018

Alissa Lucatero
11585 Chimayo Road
Apple Valley, CA 92308

RE: **Notice of Case Closure and Right to Sue**
    Case Number: 955985-311685
    EEOC Number: 37A-2018-00680-C
    Case Name: Lucatero / Connect Hearing, Inc. et al.

Dear Alissa Lucatero:

The Department of Fair Employment and Housing (DFEH) has closed your case for the
following reason: Withdrawn, Complainant elected court action.

**This is your Right to Sue Notice.** According to Government Code section 12966, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act
against the person, employer, labor organization or employment agency named in the above-
referenced complaint. This is also applicable to DFEH complaints that are filed under, and
allege a violation of, Government Code section 12948, which incorporates Civil Code sections
51, 51.7, and 54. The civil action must be filed within one year from the date of this letter.
However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you
should consult an attorney about the applicable statutes of limitation.

Please note that if a settlement agreement has been signed resolving the complaint, you may
have waived the right to file a private lawsuit. Should you decide to bring a civil action on your
own behalf in court in the State of California under the provisions of the California Fair
Employment and Housing Act (FEHA) against the person, employer, labor organization or
employment agency named in your complaint, below are resources for this.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney. If you do not already have an
attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be
  accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within
  California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service. Check the Yellow Pages of your
  telephone book under "Attorneys."

**Filing in Small Claims Court**
- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims
  Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its
  Practical Use" online at http://www.dca.ca.gov/publications/small_claims/. You may also
- order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by
  calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA,

Notice of Case Closure Settled or Withdrawn – Employment
July 31, 2018
Page 2 of 2
      Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov

Sincerely,

Salvador Alatorre
Consultant III (Specialist)
661-395-2807
salvador.alatorre@dfeh.ca.gov

cc:    O'Hagan Meyer
      Brian S. Inamine, Esq.
      6303 Owensmouth Avenue, 10th Floor
      Woodland Hills, CA 91367

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

ALISSA LUCATERO

Case No. _____ CIVDS1821563

vs.

CERTIFICATE OF ASSIGNMENT

CONNECT HEARING, INC.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the SAN BERNARDINO
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General     [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other _____ | |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

CONNECT HEARING, INC.                    12637 HESPERIA ROAD, SUITE B

(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                    ADDRESS

VICTORVILLE                              CA                    92395

(CITY)                                   (STATE)              (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

AUGUST 15, 2018                at RANCHO CUCAMONGA _____, California

_John Tombesi_____
Signature of Attorney/Party

13-16503-360 Rev. 10/94                                              SB-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
-------------------------------------------------------------------------
-------------------------------------------------------------------------
                                CASE NO: CIVDS1821563

THE MYERS LAW GROUP
9327 FAIRWAY VIEW PLACE
STE 100
RANCHO CUCAMONGA CA 91730
                        NOTICE OF TRIAL SETTING CONFERENCE


IN RE: LUCATERO-V-CONNECT

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 02/15/19 at  8:30 in Dept. S31


DATE: 08/16/18  Nancy Eberhardt, Court Executive Officer
                                        By: JESSICA GARCEZ
-------------------------------------------------------------------------
-------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 08/16/18
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 08/16/18 at San Bernardino, CA

                            BY: JESSICA GARCEZ

# EXHIBIT B

BRIAN S. INAMINE (SBN 117893)
SAMANTHA L. BARRON (SBN 318582)
O'HAGAN MEYER
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, CA, 91367
Telephone:    (213) 306-1610
Facsimile:    (213) 306-1625

Attorneys for Defendant
CONNECT HEARING, INC.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 25 2018

BY _____
LEANNE M. LANDEROS, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ALISSA LUCATERO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CONNECT HEARING, INC., a Delaware Corporation; and DOES 1 THROUGH 10 inclusive,<br><br>Defendant. | Case No. CIVDS1821563<br>[Hon. John M. Pacheco, Dept. S31]<br><br>**DEFENDANT CONNECT HEARING, INC.'S ANSWER TO PLAINTIFF ALISSA LUCATERO'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: August 16, 2018 |

Defendant CONNECT HEARING, INC., a Delaware corporation ("Defendant"), answers the unverified Complaint of Plaintiff ALISSA LUCATERO ("Plaintiff") on file herein, and admits, denies, and alleges as follows:

### GENERAL DENIAL

1.      Pursuant to Code of Civil Procedure § 431.30, Defendant denies generally each and every allegation of Plaintiff's unverified Complaint, and further denies that any damage, in any sum or sums whatsoever, or at all, has been or will be caused by reason of any act or omission on the part of answering Defendant or their agents, servants, or employees.

Defendant further asserts the following affirmative defenses, based on information and belief, to preserve issues for trial and not to constitute admissions or to shift any burdens of proof or producing evidence:

1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     The Complaint, including each purported cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

### Second Affirmative Defense

2.     Defendant acted reasonably, permissibly and in good faith, and for good cause, at all material times based on relevant facts and circumstances known to them at the time, or in conformity with and in reliance upon applicable regulations, orders, codes, practices, policies or procedures.

### Third Affirmative Defense

3.     The Complaint, including each purported cause of action therein, is barred, in whole or part, by the doctrines of estoppel, laches, waiver, unclean hands, and after-acquired evidence of on-the-job and employment-related wrongful conduct.

### Fourth Affirmative Defense

4.     The Complaint, including each purported cause of action therein, is barred, in whole or part, by the workers' compensation preemption and exclusivity provisions as set forth in Labor Code Sections 3600(a), *et seq.*, and under the Worker's Compensation Act.

### Fifth Affirmative Defense

5.     Plaintiff lacks standing to bring the Complaint and each purported cause of action therein.

### Sixth Affirmative Defense

6.     Plaintiff failed to mitigate her damages, and Plaintiff's damages are limited under the doctrine of the unconditional offer of reinstatement or employment

### Seventh Affirmative Defense

7.     The Complaint, including each purported cause of action contained therein, is barred because Plaintiff consented to, or ratified and affirmed, the alleged conduct of Defendant.

### Eighth Affirmative Defense

8.     The Complaint, including each purported cause of action therein, is barred under the principles of res judicata and collateral estoppel.

**DEFENDANT CONNECT HEARING'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**Ninth Affirmative Defense**

9.      The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, by Plaintiff's release, acquiescence, accord and satisfaction.

**Tenth Affirmative Defense**

10.     If Plaintiff suffered or sustained any loss, damages or injury at or about the times and places alleged, although such is not admitted hereby or herein, the same or the direct and proximate result of the risk, if any there was, was knowingly assumed by Plaintiff.

**Eleventh Affirmative Defense**

11.     Plaintiff has failed to satisfy the statutory prerequisites to sue or has failed to exhaust her administrative, contractual and/or statutory remedies and/or otherwise comply with the provisions of the applicable codes and regulations, including the Fair Employment and Housing Act, Sections 12900, et seq., of the California Government Code.

**Twelfth Affirmative Defense**

12.     Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because the disputed conduct of the Defendant was privileged and/or justified.  Any and all conduct of which Plaintiff complains and which is attributed to Defendant – although liability is denied – was a proper exercise of management's discretion on the part of Defendant and was undertaken for a fair and reasonable business necessity and bona fide occupational qualification.

**Thirteenth Affirmative Defense**

13.     Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution, and violates Defendant's right to substantive or procedural due process or due course as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the California Constitution.  To the extent that Plaintiff's Complaint seeks punitive damages authorized under California law, no punitive damages may constitutionally be awarded because any statute allowing such an award is unconstitutional under the Due Process Clause of the Fourteenth Amendment and the California Constitution, because no law of California establishes the maximum punitive damage award which

**DEFENDANT CONNECT HEARING'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

may be imposed in this case.  Further, Plaintiff's Complaint does not state a valid request for punitive damages pursuant to Civil Code Section 3294.  Therefore, Plaintiff cannot recover punitive damages in this action.

### Fourteenth Affirmative Defense

14.     Should Defendant be held liable to Plaintiff, which liability is expressly denied, Defendant shall only be liable to Plaintiff for the amount of non-economic damages allocated to Defendant in direct proportion to its percentage of fault, if any.

### Fifteenth Affirmative Defense

15.     The Complaint, including each alleged cause of action, is barred by the applicable statute of limitations, including, but not limited to, the provisions in part II, Title 2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335 and continuing through Section 349.4, the California Government Code §§ 12960 and 12965, and the Labor Code.

### Sixteenth Affirmative Defense

16.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrines of Privilege and of Managerial Immunity and Defendant's good faith belief in the legality of its actions and that Defendant had reasonable grounds for believing that the alleged act or omission, if any, did not violate any Labor Code provision or any order of the Industrial Welfare Commission.

### Seventeenth Affirmative Defense

17.     The alleged claims, damages and purported causes of action in Plaintiff's Complaint are satisfied by offset and by the provisions of California Code of Civil Procedure §431.70.

### Eighteenth Affirmative Defense

18.     Any losses, injuries or damages to Plaintiff were proximately caused or contributed to by the criminal, negligent, willful acts or other tortious acts, omissions, conduct or products of persons, entities or parties other than Defendant, and that each, any, and all damages recoverable by Plaintiff was not proximately or legally caused by any act, omission or other conduct of Defendant and must be diminished in proportion to the amount of fault attributable to said other persons, entities

or parties, and there must be apportioned among all such persons, entities and parties the amount of damages attributed to them as an offset against damages, if any, awarded against Defendant.

### Nineteenth Affirmative Defense

19.     Any loss, injury, or damage, if any, incurred by Plaintiff was the result of superseding or intervening causes arising from the criminal, negligent or willful acts or omissions of other parties including independent contractors which the answering Defendant neither controlled nor had the right to control, and that said loss, injury or damage was not proximately or legally caused by any act, omission, or other conduct of Defendant.

### Twentieth Affirmative Defense

20.     The Complaint, including each purported cause of action contained therein, were not the result of any negligent or intentional misconduct on the part of Defendant, but are instead barred by Plaintiff's or third parties' own acts, omissions, negligence or misconduct.

### Twenty-First Affirmative Defense

21.     Any conduct of Defendant was not a substantial factor in bringing about the loss or damage complained by Plaintiff, and, therefore, Defendant may not be held liable to Plaintiff as alleged.

### Twenty-Second Affirmative Defense

22.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, in that, Plaintiff's employment was terminable at the will of either Plaintiff or Defendant, at any time, with or without cause or prior notice under Section 2922 of the California Labor Code.

### Twenty-Third Affirmative Defense

23.     The Complaint, including each purported cause of action contained therein, is barred by Plaintiff's fraud and/or misrepresentations to Defendant.

### Twenty-Fourth Affirmative Defense

24.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, in that, there is no causal connection or nexus between Plaintiff's alleged termination and any alleged discriminatory or retaliatory activity.

**Twenty-Fifth Affirmative Defense**

25.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of avoidable consequences, in that Plaintiff failed to complain and/or failed to complain promptly about any alleged retaliation or discrimination.

**Twenty-Sixth Affirmative Defense**

26.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, in that, Defendant exercised reasonable care to prevent and promptly correct any retaliatory or discriminatory behavior in the workplace.

**Twenty-Seventh Affirmative Defense**

27.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, in that, Defendant took immediate and appropriate efforts to quickly and thoroughly investigate and remedy Plaintiff's complaints, if any.

**Twenty-Eighth Affirmative Defense**

28.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, in that, Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity provided by Defendant or to avoid harm otherwise.

**Twenty-Ninth Affirmative Defense**

29.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, in that, Plaintiff failed to reasonably make use of Defendant's anti-discrimination, and anti-retaliation policies and procedures, as well as the grievance options, mediation options, arbitration options and other policies and procedures.

**Thirtieth Affirmative Defense**

30.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, because all of Defendant's actions with respect to Plaintiff were done in good faith and/or in a manner consistent with business necessity.

**Thirty-First Affirmative Defense**

31.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, because Defendant did not engage in the alleged discrimination or retaliation set

6

forth in the Complaint, but even assuming for the sake of argument that it did, Defendant would have taken the same employment actions in any event for legitimate, non-discriminatory, non-pretextual reasons.

### Thirty-Second Affirmative Defense

32.     The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, because any decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons and were reasonably based on the facts as Defendant understood them.  Defendant had reasonable grounds for believing its actions did not violate any laws and any actions that were in violation of any applicable laws, which Defendant expressly denies, were otherwise contrary to Defendant's good-faith efforts to comply with all applicable laws.

### Thirty-Third Affirmative Defense

33.     Defendant reasonably accommodated Plaintiff.

### Thirty-Forth Affirmative Defense

34.     Plaintiff failed to provide Defendant with the adequate and necessary documentation or notice to necessitate accommodation for Plaintiff.

### Thirty-Fifth Affirmative Defense

35.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendant.

### Thirty-Sixth Affirmative Defense

36.     Plaintiff's claims are barred, in whole or in part, because Defendant has paid Plaintiff in full.

### Thirty-Seventh Affirmative Defense

37.     Defendant alleges that Plaintiff has been paid and/or received all wages due to her by virtue of her employment.

### Thirty-Eighth Affirmative Defense

38.     Defendant made a collaborative effort and engaged in an interactive process with Plaintiff regarding her return to work and alleged medical issues, disability, treatment, and work

7

restrictions.

### Thirty-Ninth Affirmative Defense

39.     The Complaint is barred, in whole or in part, because it fails to state a claim for damages or penalties because Defendant complied and/or substantially complied with the Labor Code.

### Fortieth Affirmative Defense

40.     Plaintiff has not been damaged in any sum alleged and is not entitled to any general, compensatory or other damages, as alleged, sought or referred to, or any other relief at all.

### Forty-First Affirmative Defense

41.     Plaintiff fails to state facts to support a claim for attorneys' fees.

### Forty-Second Affirmative Defense

42.     The Complaint is subject to removal to federal court pursuant to diversity jurisdiction (28 U.S. Code § 1332).  Defendant will be removing this action to United States District Court, and does not waive or intend to waive its right to removal by the filing of this answer.

### Forty-Third Affirmative Defense

43.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available and, therefore, Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, answering Defendant requests that the Court:

1.     Dismiss the Complaint with prejudice;

2.     Award answering Defendant its costs of suit herein, including reasonable attorneys' fees, including, but not limited to, those available pursuant to California Labor Code § 218.5; and,

3.     Such other and further relief as may be appropriate.

DATED:     September 25, 2018                    O'Hagan Meyer

By: _____
BRIAN S. INAMINE
SAMANTHA L. BARRON
Attorneys for Defendant
CONNECT HEARING, INC.

DEFENDANT CONNECT HEARING'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA       )
                           ) ss.
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 6303 Owensmouth Avenue, 10th Floor, Woodland Hills, CA 91367.

     On September 25, 2018, I served the foregoing document described as **DEFENDANT CONNECT HEARING, INC.'S ANSWER TO PLAINTIFF ALISSA LUCATERO'S UNVERIFIED COMPLAINT** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE SERVICE LIST

[X]    **BY FIRST CLASS MAIL** (CCP §§1013(a), et seq.): I am "readily familiar" with this office's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY OVERNIGHT DELIVERY/EXPRESS MAIL** (CCP §§1013(c)(d), et seq.): I caused said documents to be deposited with an express service ca11·ier in a sealed envelope. Said sealed envelope was deposited in a box regularly maintained by the express service carrier at 6303 Owensmouth, 10th Floor, Woodland Hills, CA, in an envelope or package designated by the express service carrier with delivery fees paid for.

[ ]    **BY ELECTRONIC MAIL**: Based on a court order 01· an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]    **BY FACSIMILE** (CCP §§1013(e)(t), et seq.): I caused said document(s) to be transmitted by facsimile to each addressee's fax number. The facsimile machine I utilized _____, complied with the California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Per Rule 2.306(h)( 4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this declaration.

[X]    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on September 25, 2018, at Woodland Hills, California.

_____
Heather Norton

**DEFENDANT CONNECT HEARING'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**<u>SERVICE LIST</u>**

*Lucatero v. Connect Hearing, Inc.*

SBSC Case No. CIVDS1821563

David P. Myers, Esq.                          Attorneys for Plaintiff
Ann Hendrix, Esq.                             ALISSA LUCATERO
John M. Tomberlin, Jr., Esq.
THE MYERS LAW GROUP, APC
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Tel:   (909) 919-2027
Fax:  (888) 375-2102

**DEFENDANT CONNECT HEARING'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 6303 Owensmouth Avenue, 10th Floor, Woodland Hills, CA 91367.

On October 1, 2018, I served the foregoing document described as **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY JURISDICTION)** in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE SERVICE LIST

[X]     **BY FIRST CLASS MAIL** (CCP §§1013(a), et seq.): I am "readily familiar" with this office's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **BY OVERNIGHT DELIVERY/EXPRESS MAIL** (CCP §§1013(c)(d), et seq.): I caused said documents to be deposited with an express service ca11·ier in a sealed envelope. Said sealed envelope was deposited in a box regularly maintained by the express service carrier at 6303 Owensmouth, 10th Floor, Woodland Hills, CA, in an envelope or package designated by the express service carrier with delivery fees paid for.

[ ]     **BY ELECTRONIC MAIL**: Based on a court order 01· agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]     **BY FACSIMILE** (CCP §§1013(e)(t), et seq.): I caused said document(s) to be transmitted by facsimile to each addressee's fax number. The facsimile machine I utilized _____, complied with the California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Per Rule 2.306(h)( 4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this declaration.

[X]     **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 1, 2018, at Woodland Hills, California.

_____
Heather Norton

1
**PROOF OF SERVICE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>SERVICE LIST</u>**

*Lucatero v. Connect Hearing, Inc.*

SBSC Case No. CIVDS1821563

David P. Myers, Esq.                          Attorneys for Plaintiff
Ann Hendrix, Esq.                             ALISSA LUCATERO
John M. Tomberlin, Jr., Esq.
THE MYERS LAW GROUP, APC
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Tel:   (909) 919-2027
Fax:  (888) 375-2102

2

**PROOF OF SERVICE**